# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DANIEL POTTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-116-ACL |
| JOHN JORDAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion for Reconsideration filed by Daniel Potter. The motion will be denied.

Plaintiff commenced this action on July 24, 2017, alleging violation of his civil rights against nine named defendants and eight fictitious defendants. He sought and was granted leave to proceed in forma pauperis, and the Court reviewed his complaint pursuant to 28 U.S.C. § 1915(e). Upon review, the Court determined that the complaint failed to comply with the Federal Rules of Civil Procedure. In a Memorandum and Order dated September 19, 2017, the Court directed plaintiff to file an amended complaint.

Plaintiff's response to the Court was due October 10, 2017. However, he neither responded to the Court's order nor sought additional time to do so. On October 20, 2017, the Court entered an Order dismissing plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff filed the instant motion on December 11, 2017, seeking reconsideration of that Order.

Federal Rule of Civil Procedure 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metropolitan St.*

*Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). They are not a means to re-litigate matters that were previously resolved, nor are they a means to raise arguments or present evidence that could have been presented prior to the entry of judgment unless good cause is shown for such failure. *Innovative Home Health Care*, 141 F.3d at 1286. Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). Rule 59(e) and Rule 60(b) are analyzed identically. *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 935 n. 3.

Upon review of the merits of the instant motion, the Court concludes that it presents no valid reason for the Court to reconsider its October 20, 2017 Order dismissing this case. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 10) is **DENIED.**

Dated this 20th day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE